## AARON KIMBALL & another *vs.* WESTERN RAILROAD CORPORATION.

The proprietors of a railroad are liable for want of ordinary care in their servants in unloading freight from their cars, though the consignee, knowing it to be the rule of the carriers that he must unload freight, and that if he did not unload it within a certain time the carriers would, has neglected to unload it.

ACTION OF TORT against the defendants as common carriers. At the trial in the court of common pleas, before *Mellen*, C. J., there was evidence tending to show that the plaintiffs were the consignees of a quantity of boards transported by the defendants

over their road from Springfield to Brookfield; that " by one of the rules of the company lumber was to be unloaded by the consignee, and must be removed within twenty four hours after arrival at its destination, and that the plaintiffs knew of this rule;" that notice of the arrival of these boards was given by the defendants' agent to the plaintiffs on the day of their arrival, and that on the morning of the fourth day after, only a part of the boards having been removed, the defendants' agent told a servant of the plaintiffs, who was carrying away a load of the boards, that, unless the boards were unloaded from the car by noon of that day, he should unload them for him, and that he did unload them accordingly, with assistance employed by him; and this action was brought to recover damages alleged to have been sustained by carelessness in such unloading.

The defendants requested the court to instruct the jury, " that the defendants were not liable for any acts complained of by the plaintiffs after the arrival of the lumber at Brookfield and notice to the plaintiffs; that the defendants ceased to be liable as common carriers on the arrival of the lumber and after notice to the plaintiffs; that the plaintiffs were bound to unload the lumber in twenty four hours after notice of its arrival, if they knew that was the rule of the company, or otherwise in a reasonable time; failing to do this, the defendants' agents acted as the plaintiffs' servants, and the defendants were not liable in any event for the acts of their agents, thus acting as the servants of the plaintiffs; and that the defendants were liable but for gross negligence in relation to the unloading of the lumber of the plaintiffs."

The court refused to give these instructions; and to this refusal, the verdict being for the plaintiffs, the defendants alleged exceptions. ·

*F. H. Dewey*, for the defendants.

*J. H. Hill*, for the plaintiffs.

DEWEY, J.* The instructions requested by the defendants' counsel were properly refused. The defendants, under their

---

* THOMAS, J. did not sit in this case.

contract as common carriers, were not absolved from all their obligations to the plaintiffs. That high degree of responsibility amounting almost to an insurance of safe keeping and delivery of property transported, which attaches to a common carrier, while the goods are being transported, and before they are placed in a warehouse or suitable place of deposit, ceases when the goods are thus disposed of by storage or deposit. But their relation to the same does not necessarily cease. The responsibility may be only that of warehousemen or bailees, liable only for want of ordinary care and reasonable diligence in reference to their security. But while the goods are in the actual custody of the carrier, although after the time when they ought to have been taken away, and where, by the rules of the company, the goods are to be unloaded by the consignee, if the carrier proceeds to unload them from a freight train, he is bound to use ordinary care and diligence to secure their being safely unloaded, and if damage accrues through the want of such care, he is responsible therefor. The instructions actually given to the jury are not stated in the bill of exceptions. Those asked were properly rejected, and we must assume that the verdict was rendered under proper instructions.

*Exceptions overruled.*